IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


WYNNEFORT MONA BELL                                          PLAINTIFF


V.                                      NO. 4:26-CV-4024


DOMTAR A.W. LLC and
DOMTAR INDUSTRIES LLC                                        DEFENDANT


**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR
INSUFFICIENT PROCESS AND INSUFFICIENT SERVICE OF PROCESS**

Defendants Domtar A.W. LLC and Domtar Industries LLC submit this Brief in

Support of their Motion to Dismiss pursuant to Federal Rules of Civil Procedure

12(b)(4) and 12(b)(5).

Plaintiff's attempted service is insufficient because the summons and complaint

were not served on either defendant's registered agent, officer, managing or general

agent, or any other agent authorized by appointment or law to receive service of

process. Instead, the record reflects that service was attempted by certified mail to

"Domtar A.W. LLC/Domtar Industries LLC" at 285 US Highway 71 South, Ashdown,

Arkansas 71822, and that the certified-mail return was signed by Jason Young at that

location. Summons Returned Executed 1–3, ECF No. 8, PageID ##14–16. The Arkansas

Secretary of State records identify a different address and a different recipient for

service of process: National Registered Agents, Inc., 320 S. Izard Street, Little Rock,

Arkansas 72201, which is the registered agent for both Domtar A.W. LLC and Domtar Industries LLC. Ex. A; Ex. B.

Plaintiff did not serve National Registered Agents, Inc. The return does not identify Jason Young as an officer, managing or general agent, registered agent, or other agent authorized by appointment or law to accept service for either defendant. Because Plaintiff has not effected valid service under Federal Rule of Civil Procedure 4(h), the Complaint should be dismissed without prejudice.

I. Background

Plaintiff filed this *pro se* action on March 26, 2026. The Complaint identifies the defendants as "Domtar A.W. LLC" and "Domtar Industries LLC," and lists an address of 285 US Highway 71 South, Ashdown, Arkansas 71822. Compl. 1–2, ECF No. 2, PageID ##3–4. Plaintiff alleges employment-related claims under the Americans with Disabilities Act of 1990 and Title VII of the Civil Rights Act of 1964. Compl. 3–4, ECF No. 2, PageID ##5–6.

Plaintiff also applied to proceed *in forma pauperis* and moved for service. Appl. to Proceed Without Prepaying Fees or Costs, ECF No. 3; Text Only Mot. for Serv., ECF No. 4. On March 27, 2026, the Court granted Plaintiff's application to proceed in forma pauperis and granted her motion for service. Order 1, ECF No. 6, PageID #11. The Court directed the United States Marshal to serve "Domtar A.W. LLC/Domtar Industries LLC" at 285 US Highway 71 South, Ashdown, Arkansas 71822. *Id*.

The summons issued the same day. The summons identifies "Domtar A.W. LLC" in the caption and is directed to "Domtar A.W. LLC/Domtar Industries LLC" at 285 US

Highway 71 South, Ashdown, Arkansas 71822. Summons 1, ECF No. 7. The return of service later filed by the United States Marshal reflects service by certified mail to that same Ashdown address. Summons Returned Executed 1, ECF No. 8, PageID #14. The certified-mail return receipt is addressed to "Domtar A W LLC / Domtar Industries LLC" at 285 US Highway 71 South, Ashdown, Arkansas 71822, and reflects delivery on April 10, 2026. Summons Returned Executed 2, ECF No. 8, PageID #15. The return receipt appears to identify Jason Young as the recipient. *Id*.

The Arkansas Secretary of State records establish that Domtar A.W. LLC and Domtar Industries LLC are separate foreign limited liability companies in good standing in Arkansas. Domtar A.W. LLC's registered agent is National Registered Agents, Inc., 320 S. Izard Street, Little Rock, Arkansas 72201. Ex. A. Domtar Industries LLC's registered agent is also National Registered Agents, Inc., 320 S. Izard Street, Little Rock, Arkansas 72201. Ex. B. The Arkansas Secretary of State record for Domtar A.W. LLC lists 285 Highway 71 South, Ashdown, Arkansas 71822, as a foreign address, not as the registered-agent address. Ex. A. The Arkansas Secretary of State record for Domtar Industries LLC lists a Delaware foreign address and separately lists National Registered Agents, Inc. in Little Rock as the registered agent. Ex. B.

## II. <u>Applicable Law</u>

Rule 12(b)(4) permits a defendant to seek dismissal for insufficient process. Fed. R. Civ. P. 12(b)(4). Rule 12(b)(5) permits a defendant to seek dismissal for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Proper service is a prerequisite to the Court's exercise of jurisdiction over a defendant. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484

U.S. 97, 104 (1987). The Eighth Circuit has likewise held that "[i]f a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). Actual notice does not cure insufficient service. *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 885–86 (8th Cir. 1996).

Rule 4(h) governs service on business entities. A corporation, partnership, association, or other unincorporated association that is subject to suit under a common name must be served within a judicial district of the United States either in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, permits service by following state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1).

Arkansas law requires strict compliance with service requirements. The Arkansas Supreme Court has repeatedly held that statutory service requirements, being in derogation of common-law rights, must be strictly construed and exactly complied with. *Smith v. Sidney Moncrief Pontiac, Buick, GMC Co.*, 353 Ark. 701, 709–10, 120 S.W.3d 525, 530 (2003). Service requirements must be strictly construed, and compliance with them must be exact. *Trusclair v. McGowan Working Partners*, 2009 Ark. 203, at 3–4, 306 S.W.3d 428, 430–31. Actual knowledge of a proceeding does not validate defective

4

service. *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 375, 921 S.W.2d 944, 945 (1996); *Tucker v. Johnson*, 275 Ark. 61, 66, 628 S.W.2d 281, 283–84 (1982).

Arkansas Rule of Civil Procedure 4 permits service by mail only as provided by the rule. Ark. R. Civ. P. 4(g)(1). Certified mail must be addressed to the person to be served, with return receipt requested and delivery restricted to the addressee or the agent of the addressee. Ark. R. Civ. P. 4(g)(1)(A)(i). The addressee must be a natural person specified by name, and the agent of the addressee must be authorized in accordance with United States Postal Service regulations. Id. The rule further provides that, notwithstanding the foregoing, service on the registered agent of a corporation or other organization may be made by certified mail with a return receipt requested. *Id*. Arkansas statutory law likewise recognizes the registered agent as the agent authorized to receive service of process for an entity. Ark. Code Ann. § 4-20-113(a). With respect to limited liability companies, service may be made on the registered agent, and other methods are available only in circumstances not shown on this record, such as where the entity has no registered agent, the registered agent cannot with reasonable diligence be served, or service cannot be made through the statutory methods. Ark. Code Ann. § 4-38-119(a)–(c).

### III. <u>Argument</u>

A.    <u>Plaintiff did not serve Defendants under Rule 4(h)(1)(B).</u>

Plaintiff has not effected service under Rule 4(h)(1)(B). That rule requires delivery of the summons and complaint to an officer, managing or general agent, or any

5

other agent authorized by appointment or law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). The return does not show that such a person was served.

The return reflects certified-mail service to "Domtar A.W. LLC/Domtar Industries LLC" at 285 US Highway 71 South, Ashdown, Arkansas 71822. Summons Returned Executed 1, ECF No. 8, PageID #14. The attached certified-mail return receipt is addressed to the same combined entities at the same Ashdown address and reflects delivery on April 10, 2026. Summons Returned Executed 2, ECF No. 8, PageID #15. The return receipt appears to identify Jason Young as the person who received the mailing. Id. Nothing in the return identifies Mr. Young as an officer, managing or general agent, registered agent, or agent authorized by appointment or law to receive service for Domtar A.W. LLC or Domtar Industries LLC.

That is not sufficient under Rule 4(h)(1)(B). Service on a business entity is not accomplished merely by mailing a summons and complaint to a facility address and having the mailing received by an employee or facility recipient. Rule 4(h)(1)(B) requires service on a person who falls within one of the rule's authorized categories. The present record does not show that requirement was met.

*Adams* is instructive. There, the Eighth Circuit held that service was ineffective where the plaintiff failed to establish that the recipient was authorized to receive service for the defendant entity. *Adams*, 74 F.3d at 885–86. The same principle applies here. The return does not establish that Jason Young was authorized to accept service for either defendant. The fact that the certified-mail card may reflect postal delivery does not

6

establish that service was made on an officer, managing or general agent, registered agent, or other legally authorized agent for purposes of Rule 4(h)(1)(B).

> B.  Plaintiff did not serve Defendants under Arkansas law incorporated through Rule 4(h)(1)(A).

Plaintiff also cannot establish service under Rule 4(h)(1)(A). That provision incorporates Arkansas law because this Court sits in Arkansas and the attempted service occurred in Arkansas. Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P. 4(e)(1). Arkansas law required Plaintiff to comply exactly with the applicable service rules. *Smith*, 353 Ark. at 709–10, 120 S.W.3d at 530; *Trusclair*, 2009 Ark. 203, at 3–4, 306 S.W.3d at 430–31. The Arkansas Secretary of State records identify National Registered Agents, Inc., 320 S. Izard Street, Little Rock, Arkansas 72201, as the registered agent for both Domtar A.W. LLC and Domtar Industries LLC. Ex. A; Ex. B. Plaintiff did not serve National Registered Agents, Inc. at that address. Instead, service was attempted by certified mail to "Domtar A.W. LLC/Domtar Industries LLC" at 285 US Highway 71 South, Ashdown, Arkansas 71822. Summons Returned Executed 1–2, ECF No. 8, PageID ##14–15.

Arkansas Rule 4(g)(1)(A)(i) does not validate that attempted service. The certified mailing was not addressed to a natural person specified by name. It was addressed to the two entity names at the Ashdown facility. Summons Returned Executed 2, ECF No. 8, PageID #15. Nor was it addressed to either defendant's registered agent. The Secretary of State records show that the registered agent for both entities is National Registered Agents, Inc. at 320 S. Izard Street in Little Rock. Ex. A; Ex. B. Service by

certified mail on a registered agent may be proper under Arkansas Rule 4(g)(1)(A)(i), but that is not what occurred here.

The result is the same under Arkansas statutory provisions governing service on limited liability companies. Arkansas Code Annotated section 4-38-119 provides for service on the registered agent. Ark. Code Ann. § 4-38-119(a). Other methods may become available only if the company has no registered agent, the registered agent cannot with reasonable diligence be served, or process cannot be served through the statutory methods. Ark. Code Ann. § 4-38-119(b)–(c). The record contains no showing that either defendant lacked a registered agent, that National Registered Agents, Inc. could not with reasonable diligence be served, or that any statutory prerequisite existed for serving someone at the Ashdown facility.

Accordingly, Plaintiff did not serve Defendants in accordance with Arkansas law. Because Arkansas law is incorporated only through Rule 4(h)(1)(A), Plaintiff's failure to satisfy Arkansas service law also means that she failed to satisfy Rule 4(h)(1)(A).

C.      Actual notice does not cure the defective service.

Plaintiff may contend that the mailing gave Defendants notice of this lawsuit. That does not cure insufficient service. The Eighth Circuit has expressly held that actual notice does not cure improper service. *Adams*, 74 F.3d at 885–86. The Arkansas Supreme Court applies the same rule. *Carruth*, 324 Ark. at 375, 921 S.W.2d at 945; *Tucker*, 275 Ark. at 66, 628 S.W.2d at 283–84.

The distinction matters here. Plaintiff did not serve the registered agent listed in the Arkansas Secretary of State records. Ex. A; Ex. B. Plaintiff did not obtain delivery to an officer, managing or general agent, or authorized service agent shown in the return. Summons Returned Executed 1–3, ECF No. 8, PageID ##14–16. Even if the mailing reached the Ashdown facility, that does not establish valid service on either Domtar A.W. LLC or Domtar Industries LLC.

D.    <u>The process was also insufficient because it did not clearly identify and direct process to the separate legal entities.</u>

Dismissal is also proper under Rule 12(b)(4). Rule 4(a)(1) requires a summons to name the court and the parties and be directed to the defendant. Fed. R. Civ. P. 4(a)(1). Here, the summons and service materials use the combined formulation "Domtar A.W. LLC/Domtar Industries LLC." Summons 1, ECF No. 7; Summons Returned Executed 1–2, ECF No. 8, PageID ##14–15. The Arkansas Secretary of State records show that Domtar A.W. LLC and Domtar Industries LLC are separate foreign limited liability companies, with separate filing numbers, separate filing dates, and separate Secretary of State records. Ex. A; Ex. B.

Defendants' primary challenge is to the insufficiency of service under Rule 12(b)(5). Nevertheless, the process itself is also defective because it does not clearly distinguish between the two separate entities and was not directed to the registered agent for either one. The service papers combined the two companies, directed the summons to a facility address, and resulted in delivery to a person not identified in the return as an authorized agent for service of process. Summons Returned Executed 1–3,

9

ECF No. 8, PageID ##14–16. Those defects support dismissal under Rule 12(b)(4) as well as Rule 12(b)(5).

    E.    <u>Plaintiff's pro se and in forma pauperis status does not cure defective service.</u>

Defendants recognize that Plaintiff is proceeding *pro se* and *in forma pauperis*, and that service was attempted by the United States Marshal pursuant to the Court's Order. See Order 1, ECF No. 6; Summons Returned Executed 1, ECF No. 8. Those circumstances do not establish valid service where Rule 4(h) has not been satisfied. At most, they may bear on whether Plaintiff should be afforded another opportunity to accomplish service. See *Moore v. Jackson*, 123 F.3d 1082, 1085–86 (8th Cir. 1997); *Wright v. First Student, Inc.*, 710 F.3d 782, 783–84 (8th Cir. 2013). They do not cure the present jurisdictional defect or impose on Defendants an obligation to answer before proper service has been made.

## IV. <u>Conclusion</u>

Plaintiff has not effected valid service on Domtar A.W. LLC or Domtar Industries LLC. The Arkansas Secretary of State records identify National Registered Agents, Inc., 320 S. Izard Street, Little Rock, Arkansas 72201, as the registered agent for both entities. Ex. A; Ex. B. Plaintiff did not serve that registered agent. The return instead reflects certified-mail delivery to the Ashdown facility, with the return receipt appearing to identify Jason Young as the recipient. Summons Returned Executed 1–3, ECF No. 8, PageID ##14–16. The return does not establish that Mr. Young was an officer, managing

or general agent, registered agent, or any other agent authorized by appointment or law to receive service for either defendant.

Because Plaintiff failed to comply with Federal Rule of Civil Procedure 4(h), and because actual notice cannot cure defective service, Defendants respectfully request that the Court dismiss Plaintiff's Complaint without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

J. Cotten Cunningham
Arkansas Bar No. 97238
BARBER MUNSON
*Attorneys for Defendant, Domtar A.W. LLC*
*and Domtar Industries LLC*
One Allied Drive, Suite 1600
Little Rock, Arkansas 72202
Telephone: (501) 372-6175
Email: ccunningham@barberlawfirm.com