IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WYNNEFORT MONA BELL                                                      PLAINTIFF

v.                              Case No. 4:26-cv-4024

DOMTAR A.W. LLC; and
DOMTAR INDUSTRIES LLC                                                    DEFENDANT

## ORDER

Before the Court is Defendants' Motion to Dismiss (EFC No. 9) and Renewed Motion to Dismiss (ECF No. 13). Plaintiff has responded. ECF No. 14. The Court finds the matters ripe for consideration.

On March 26, 2026, Plaintiff, proceeding pro se, filed her Complaint against Defendants in this Court. ECF No. 2. Plaintiff uses a structured form for pro se litigants and jointly names "Domtar A.W. LLC / Domtar Industries LLC" as the sole Defendant. ECF No. 2, p. 2. However, the Court will construe this as naming two separate entities. Plaintiff asserts claims pursuant to the Americans with Disabilities Act of 1980 and Title VII of the Civil Rights Act of 1964 related to her time employed by Defendants. The Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP") and ordered service upon Defendants at the address provided in the Complaint. ECF Nos. 3 & 6. On March 27, 2026, the Clerk issued summons for the United States Marshals Service ("USMS") to serve upon "Domtar A.W. LLC/Domtar Industries LLC" at 285 US Highway 71 South, Ashdown, Arkansas, 71822. ECF No. 7. The USMS attempted service through certified mail and delivered the summons to the provided address on April 10, 2026. ECF No. 8.

On May 1, 2026, Defendants filed their initial Motion to Dismiss. ECF No. 9. Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5), asserting that Plaintiff did not provide proper process and that she failed to properly serve Defendants. On June 10, 2026,

Plaintiff filed a second Complaint, which uses the same structured form and is mostly identical but for an additional page providing further explanation for the "Statement of the Claim" section. ECF No. 12. On June 24, 2026, Defendants filed their Renewed Motion to Dismiss, arguing that Plaintiff's new pleading does not cure any deficiencies in service that they previously identified. ECF No. 13. Plaintiff responded in opposition to the initial motion to dismiss, stating that she now knows the appropriate address at which to serve Defendants and thus requests additional time to effectuate service through a new summons issued for the USMS to serve upon Defendants. ECF No. 14.

A court must liberally construe pro se filings. *See U.S. v. Sellner*, 773 F.3d 927, 932 (8th Cir. 2014) (citing *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam)). Giving Plaintiff's filings a liberal construction, the Court first interprets Plaintiff's second Complaint (ECF No. 12) as a motion for leave to amend her initial Complaint.[1] For such requests, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Further, "[d]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillsheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). No such circumstances are apparent. Therefore, the Court will grant Plaintiff's request to amend her Complaint.

Next, the Court construes Plaintiff's requests within her response as a motion to extend the time for service and a motion for service. Plaintiff had ninety days to serve Defendants after filing her pleading. Fed. R. Civ. P. 4(m). The ninety-day period to complete service ended on June 24,

---

[1] Plaintiff did not file the second Complaint within twenty-one days after serving her initial pleading or within twenty-one days after Defendants filed their initial motion to dismiss, which means Plaintiff may not amend her pleading as a matter of course. *See* Fed. R. Civ. P. 15(a)(1).

2026, one day prior to Plaintiff's request for additional time to serve Defendants. If a plaintiff shows good cause for a failure to serve a defendant within ninety days after filing their complaint, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Considering Plaintiff's pro se status, what appears to be her good faith effort to provide what she believed to be the appropriate address for service, and her assurance that she now knows the proper location to effectuate service, the Court finds that she has shown good cause to extend the service period. Thus, the Court will permit an additional forty-five (45) days for Plaintiff to effectuate service of her Amended Complaint. Defendants' request to dismiss based upon defective service is now moot. Defendants may renew their motion to dismiss if they believe that Plaintiff did not perfect service within the additional time permitted by the Court. The Court also directs that new summons be issued for the USMS to serve upon Defendants at the addresses Plaintiff identifies in her motion.

Accordingly, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 12) is **GRANTED**. The Amended Complaint (ECF No. 12) is now the operative pleading in this matter. Plaintiff's Motion to Extend Time for Service (ECF No. 14) is **GRANTED**. The new deadline to complete service is **August 8, 2026**. Defendants' Motions to Dismiss (ECF Nos. 9 & 13) are **DENIED** as **MOOT**.

Also, Plaintiff's Motion for Service (ECF No. 14) is hereby **GRANTED**. Considering Plaintiff's IFP status, the Court directs the USMS to serve a copy of the Amended Complaint filed June 10, 2026 (ECF No. 12) and a copy of this Order on Defendants by serving them as follows:

> Domtar A.W. LLC
> ℅ National Registered Agents, Inc.
> 320 S. Izard Street
> Little Rock, AR 72201
>
> and

Domtar Industries LLC
℅ National Registered Agents, Inc.
320 S. Izard St.
Little Rock, AR 72201

without prepayment of fees and costs or security thereof.  The Clerk is also directed to prepare and

issue a summons and a USM 285 for both Defendants.  Defendants are ordered to answer within

twenty-one (21) days from the date of service.

**IT IS SO ORDERED**, this 6th day of July, 2026.

/s/ John Thomas Shepherd
John Thomas Shepherd
United States District Judge